IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUSSELL DWAYNE RODGERS, | ) | No. C 15-4585 LHK (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL |
| v. | ) ) | |
| GREG MUNKS, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages for alleged civil rights violations. Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP"). On January 7, 2016, the court issued an order to plaintiff to show cause why plaintiff's motion to proceed IFP should not be denied, and the case dismissed, pursuant to 28 U.S.C. § 1915(g). The court also notified plaintiff that, alternatively, he could pay the $400.00 to avoid dismissal. Plaintiff has not filed a response. For the reasons stated below, the court DENIES plaintiff's motion for leave to proceed IFP, and DISMISSES this case without prejudice.

**DISCUSSION**

The Prison Litigation Reform Act of 1995 was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if

the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

The court previously notified plaintiff that plaintiff has had at least three prior prisoner actions that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The following federal district court dismissals may be counted as dismissals for purposes of section 1915(g): (1) *Rodgers v. Munk*, No. 12-5620 CRB (pr) (N.D. Cal. dismissed April 25, 2013) (dismissed with leave to amend for failure to state a claim, and ultimately dismissed without filing an amended complaint); (2) *Rodgers v. County of San Mateo*, No. 10-1354 JW (pr) (N.D. Cal. dismissed July 22, 2010) (dismissed for failure to state a claim); and (3) *Rodgers v. Griffith*, No. 07-5597 SBA (pr) (N.D. Cal. dismissed Dec. 10, 2009) (same). Plaintiff has not objected to, or otherwise refuted, that the above-referenced dismissals are "strikes" for purposes of section 1915(g).

Despite having had three strikes pursuant to section 1915(g), plaintiff may still be able to proceed IFP if he can show that he is in imminent danger of serious physical injury. Plaintiff has the burden of proving that he satisfies this exception to section 1915(g) by demonstrating that he is in imminent danger of serious physical injury. The plain language of the imminent danger

clause in section 1915(g) indicates that "imminent danger" is to be assessed at the time of the filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *See id.* and n.5. The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*; *see, e.g.*, *id.* at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *cf. Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint). In this circuit, "requiring a prisoner to allege[] an ongoing danger – the standard adopted by the Eighth Circuit – is the most sensible way to interpret the imminency requirement." *Andrews II*, 493 F.3d at 1056 (internal quotation marks omitted).

Here, plaintiff has not suggested that he was under imminent danger of serious physical injury. Thus, he has not satisfied his burden to show that he is entitled to the exception to section 1915(g). In addition, the court has reviewed plaintiff's complaint, and nothing in the complaint suggests that plaintiff faced any "ongoing danger" of serious physical injury sufficient to "meet the imminence prong of the three-strikes exception" at the time plaintiff filed his complaint. *Id.* at 1057. Accordingly, plaintiff has not shown that he is entitled to the imminent danger exception under section 1915(g) to avoid dismissal without prejudice.

## CONCLUSION

Plaintiff's motion to proceed IFP is DENIED. Because plaintiff has not paid the $400.00 filing fee, this action is DISMISSED without prejudice.

The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 2/24/2016

*Lucy H. Koh*
LUCY H. KOH
United States District Judge